UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH C. LAMB
    Petitioner,

v.                                                        CASE NO. 8:16-cv-1564-T-24AAS
                                                                                        8:04-cr-328-T-24AAS

UNITED STATES OF AMERICA

                                      /

## ORDER

This case is before the Court on Petitioner Kenneth C. Lamb's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1), Memorandum of Law in Support (Civ. Doc. 17), the Government's response (Civ. Doc. 21), and Petitioner's reply (Civ. Doc. 26). After due consideration, the Court finds that an evidentiary hearing is not necessary, and Petitioner's motion should be denied.

**I. Background**

Petitioner was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). On February 15, 2005, the Court sentenced Petitioner as an armed career criminal to a term of imprisonment of 200 months.[1] Petitioner appealed, and the Eleventh Circuit affirmed. Petitioner then filed a petition for Writ of Certiorari, which the Supreme Court denied. Petitioner filed a 28 U.S.C. § 2255 motion that was denied by this Court on December

---

[1] The Pre-sentence Investigation Report ("PSR") recommended that Petitioner be treated as an armed career criminal under the Armed Career Criminal Act and stated Petitioner had been convicted of a least three prior state of Florida violent felony convictions: attempted sexual battery, robbery with a weapon, second degree murder and aggravated assault. Both the PSR and the transcript of the sentencing are silent as to whether the ACCA-enhanced sentence depended on the elements clause or the residual clause.

21, 2007. The Eleventh Circuit granted Petitioner's application for leave to file a second or successive § 2255 motion on June 10, 2016, finding that he had made a prima facie showing that he might benefit from *Johnson* as to his prior conviction for attempted sexual battery. Thereafter, Petitioner, who is represented by counsel, filed the instant motion.

**II. Discussion**

Petitioner argues that his sentence as an armed career criminal was imposed in violation of the Constitution and laws of the United States and should be vacated. His claim is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner submits that the Florida felony convictions which served as predicate offenses for his sentencing under the ACCA no longer qualify as "violent felonies" and that his ACCA sentence must be vacated.

In response, the Government makes several arguments as to why the motion should be denied. First, the Government argues that Petitioner must prove that he was sentenced under the residual clause to obtain relief, and Petitioner has not shown and cannot show that he was sentenced using the ACCA's now unconstitutional residual clause rather than under the enumerated offense or elements clauses that *Johnson* did not disturb. Next, the Government argues Petitioner's claim is procedurally defaulted, and finally, that his claim is meritless. Because this Court agrees that Petitioner's claim is meritless, it will not address the Government's other arguments.

## Armed Career Criminal Act

At sentencing, the Court found Petitioner was an armed career criminal. Although neither the Court nor the PSR stated at sentencing which of his four prior felony convictions provided the three predicate convictions for his ACCA sentence, Petitioner has at least three prior Florida state convictions for a violent felony that satisfy the ACCA after *Johnson.*

### Attempted Sexual Battery

Petitioner's Florida conviction for attempted sexual battery in violation of Florida Statutes § 794.011 and § 777.04, a second degree felony (Case No. CF85-3012), qualifies as a crime of violence under the elements clause of the ACCA. The Judgment states Petitioner pled guilty to Attempted Sexual Battery Without a Weapon. The Information (charging document) states that Petitioner intended to commit sexual battery by using physical force likely to cause serious personal injury or by coercing the victim to submit to sexual battery by threatening to use force or violence likely to cause serious bodily injury. It further states that in furtherance of such intent, Petitioner did remove an article of clothing from the victim while threatening harm upon resistance in violation of Florida Statute § 777.04 and § 794.011. "Attempt" under Florida Statute § 777.04(1) requires that a defendant commit an act toward the commission of the offense. The wording of the Information suggests that Petitioner used physical force likely to cause serious bodily injury or threatened to use force or violence likely to cause serious personal injury. Although the Judgment does not state whether Petitioner's conviction was under § 794.011(3) or § 794.011(4)(b), it does not matter. Petitioner's conviction for attempted sexual battery committed on June 7, 1985 is a crime of violence under the elements clause of the ACCA.

### Armed Robbery

Petitioner's conviction for armed robbery committed on July 17, 1985 qualifies as a crime of violence under the elements clause of the ACCA. Petitioner was convicted of robbery with a weapon in violation of Florida Statute § 812.13 (Case No. CF85- 3344) on May 13, 1986. The Eleventh Circuit has clearly determined that armed robbery under Florida Statute § 812.13 is a "violent felony" under the elements clause of the ACCA. *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011); *United States v. Seabrooks*, 839 F.3d 1326, 1338–1345 (11th Cir. 2016); *United States v. Fritts*, 841 F.3d 937, 944 (11th Cir. 2016). Furthermore it makes no difference that Petitioner committed the robbery in the 1980s. *Fritts*, 841 F.3d at 942–43; *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997).

### Aggravated Assault

Petitioner was convicted of two counts of aggravated assault in violation of Florida Statute § 784.02 and § 775.087 on June 29, 1989 (Case No. CF88-4957). Petitioner acknowledges that *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013), held aggravated assault in violation of Florida Statute § 784.021 is a violent felony under the elements clause of the ACCA and further acknowledges that in *United States v. Golden,* 2017 WL 343523, at *1 (11th Cir. Jan 24, 2017), the Eleventh circuit reaffirmed that *Turner* remains binding precedent after *Johnson.* However, Petitioner argues that *Turner* was wrongly decided. The Court rejects Petitioner's argument, as aggravated assault is a crime of violence under the elements clause of the ACCA.

### Second Degree Murder

Petitioner was convicted of second degree murder, a lesser included offense, in violation of Florida Statute § 782.04 and § 775.087, a first degree felony on June 29, 1989 (Case No. CF88-4957). Second degree murder qualifies as a crime of violence under the elements clause of the ACCA in that it has as an element the "use, attempted use, or threatened use of physical force." The Indictment charged first degree murder in violation of Florida Statute § 782.04 and § 775.087, but Petitioner was convicted of the lesser included charge of second degree murder. To argue that second degree murder does not have as an element the use of force defies common sense. Florida Statute § 782.04(2) defines second degree murder in part as "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind." Second degree murder is a crime of violence under the elements clause of the ACCA.

### Committed on Occasions Different From One Another

Defendant committed the attempted sexual battery on June 7, 1985, the armed robbery on July 17, 1985, and the second degree murder and two aggravated assaults on December 25, 1988. Therefore Petitioner has at least three violent felonies committed on occasions different from one another. The Government makes the argument that because the two aggravated assaults and the second degree murder were committed on separate people, Petitioner would have had the opportunity to desist after completing each of the crimes, and therefore, they were committed on occasions different from one another. The Government may very well be right; however, the Court does not have to reach this argument because Petitioner has three qualifying offenses if only one of the violent crimes committed on December 25, 1988 is counted.

### III. Conclusion

The Court recognizes that the Government has made two additional arguments as to why Petitioner's motion should be denied or dismissed. However, as stated above, the Court will not address the Government's arguments that Petitioner has not met his burden of proving he was sentenced using the residual clause or that the residual clause affected his sentence or the Government's argument that Petitioner's claim is procedurally defaulted, because the Court finds that Petitioner is not entitled to relief based on the merits of his claims.

Petitioner has at least three prior felony convictions committed on occasions different from one another that satisfy the ACCA after *Johnson*. Therefore, for the reasons stated above, Petitioner's claim that his sentence should be vacated because it was imposed in violation of the Constitution and the laws of the United States is meritless. **ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Motion to Vacate (Civ. Doc. 1; Cr. Doc. 109) is **DENIED**.

(2) The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

### CERTIFICATE OF APPEALABILITY DENIED

Petitioner is not entitled to a certificate of appealability. He has not shown that reasonable jurists would debate that he has made a substantial showing of the denial of a constitutional right. 28 U.S.C.§ 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the same reason he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on August 1, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record